# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN HANSON,

        Petitioner,

        v.                                      Case No. 19-CV-65

PAUL KEMPER[1],

        Respondent.

## ORDER AND RECOMMENDATION

John Hanson, who is incarcerated following the revocation of his extended supervision, filed a petition for a writ of habeas corpus. (ECF No. 1.) Hanson was revoked due to the following rule violations: (1) possessing and using a cell phone with internet capabilities, (2) accessing and viewing sexually explicit materials on the Internet, (3) failing to provide his agent a truthful and accurate statement, (4) using his cell phone to conduct an Internet search for "little girls in shorts," and (5) being unsuccessfully terminated from sex offender treatment. (ECF No. 1-1 at 2; *see* ECF No. 1 at 2.) He appears

---

[1] Hanson is in custody at the Racine Correctional Institution. The official in charge of that facility is the warden, Paul Kemper. "Pursuant to federal habeas statute, the proper respondent to a habeas petition is the person who has custody over the Petitioner." *Levario-Garcia v. Prim*, 2017 U.S. Dist. LEXIS 46849, *4 (N.D. Ill. Mar. 29, 2017) (citing 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)). The Clerk shall update the caption to name Paul Kemper as the respondent.

to be challenging the Administrative Law Judge's decision to revoke his extended supervision and order that he be returned to prison for two years and six months. (ECF No. 1 at 6-12.) He argues that, instead of returning to prison, it would have been better for him to be placed in the Sex Offender Treatment-Alternative to Revocation Program. (*Id.* at 6-8.) He also argues that two years and six months "is too long for my violations. If I have to be revoked 30% [of my time] is a fair amount so then I can do more of aftercare." (ECF No. 1 at 12.)

Accompanying Hanson's petition is a Motion for Leave to Proceed Without Prepayment of the Filing Fee (ECF No. 2), which the court will **grant**.

The court must now review Hanson's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Two problems are readily apparent from Hanson's petition. First, it appears that Hanson has failed to exhaust his remedies in state court. A petitioner is required to exhaust his state-court remedies before a federal court will consider the merits of his petition. 28 U.S.C. § 2254(b)(1)(A); *Liberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)). A petitioner exhausts his claim when he

presents it to the highest state court for a ruling on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Arrieta v. Battaglia*, 461 F.3d 861, 868 (7th Cir. 2006).

"In Wisconsin, after an administrative appeal, a prisoner who has had his extended supervision revoked can seek review of the decision by filing a petition for a writ of certiorari in the Wisconsin Circuit Court." *Lewis v. Guokas*, No. 16-CV-1288, 2016 WL 6068142, at *2 (E.D. Wis. Oct. 14, 2016) (citing *State ex rel. Washington v. Schwarz*, 620 N.W. 2d 414, 419 (Wis. Ct. App. 2000). A review of Wisconsin circuit court records, available at http://wcca.wicourts.gov, fail to reveal that Hanson has sought relief from any Wisconsin state court for the issues he now raises in his petition.

The second, and biggest, problem with Hanson's petition is that he does not present any constitutional claims. "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*." 28 U.S.C. § 2254(a) (emphasis added). Hanson does not allege that the Administrative Law Judge violated the constitution or any other federal law in revoking his extended supervision and ordering him to return to prison for two years and six months. He only alleges that the Sex Offender Treatment-Alternative to Revocation Program would be a "perfect fit for me," and that, if he has to be revoked, thirty-percent (rather than seventy percent) of his time "is a fair amount so then I can do more of aftercare." (ECF No. 1 at 12.) Since Hanson does not present any cognizable

constitutional claims for which he is entitled to relief in the district court, the court will recommend that his petition be dismissed.

**IT IS THEREFORE ORDERED** that Hanson's Motion for Leave to Proceed Without Prepayment of the Filing Fee (ECF No. 2) is **granted**.

**IT IS RECOMMENDED** that Hanson's petition (ECF No. 1) and this action be **dismissed** pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 6th day of February, 2019.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge